Because the state failed to prove all of the elements of the offense of insurance fraud, I must respectfully dissent.
As the majority notes, it was the responsibility of the prosecutor in this case to demonstrate beyond a reasonable doubt that Ohio Casualty Group was an "insurer," as the term is defined in R.C. 2913.47(A)(3). An "insurer" is "any person that is authorized to engage in the business of insurance in this state under Tittle XXXIX of the Revised Code * * * ." R.C. 2913.47(A)(3). Although the majority finds that the circumstantial evidence presented was sufficient to prove this element of the crime, I disagree.
In State v. Kirkland (Apr. 9, 1998), Franklin App. No. 97APA07-873, 1998 WL 164999, unreported, the Tenth District Court of Appeals addressed the issue of whether the evidence presented at trial was sufficient to prove beyond a reasonable doubt that Indiana Insurance was an "insurer" as the term is defined by R.C. 2193.47(A)(3). The state's evidence in that case demonstrated the following: 1) the defendant submitted an application for an Indiana Insurance policy through an agency that is located in Columbus, Ohio, 2) a field claims representative for Indiana Insurance working out of the company's Columbus officer received the loss notice and investigated the claim, and 3) Indiana Insurance was represented by a Columbus law firm that interviewed the defendant about his claim. The court of appeals reviewed the evidence and found that the state had failed to establish that Indiana Insurance was an "insured" as defined in R.C.2913.47(A)(3). The court of appeals remarked, "Indeed, the fact that Indiana Insurance performs the activities as noted no more establishes that Indiana Insurance is licensed to transact business in Ohio than driving a car establishes that the driver is a licensed driver. Each of the noted activities may be performed by a nonlicensed insurer, provided the entity successfully avoids detection under Ohio's insurance laws." Kirkland, 1998 WL 164999 at *9, unreported. (Citations omitted.)
In the instant case, the evidence presented by the state also fails to show that Ohio Casualty is an "insured" as defined by the revised code. The state introduced a copy of the policy issued to appellant that lists a Hamilton, Ohio address for the company. The state also submitted Cavalieri's affidavit, in which he states that he is "Underwriting Analyst for Ohio Casualty Group of the Ohio Casualty Group of the city of Hamilton, State of Ohio." Finally, there is the evidence that appellant submitted a claim pursuant to her Ohio Casualty policy covering her Ohio property and she expected Ohio Casualty to compensate her for her losses. The cumulative effect of this circumstantial evidence does not demonstrate that Ohio Casualty was authorized to conduct the business in the state of Ohio. By analogy, evidence that an attorney 1) has a law degree, is living in Ohio, and uses stationery that has an Ohio address on the letterhead, 2) has employed the help of an intern who lives in Ohio, 3) assists a client who is living in Ohio, and 4) deals with Ohio state legal matters does not sufficiently establish that the attorney is authorized to practice law in the state of Ohio. Authorization to practice law in Ohio can only be achieved by an act of the Supreme Court of Ohio, not by acts of the individual. Similarly, authorization to engage in the insurance business in Ohio requires an act of the superintendent of insurance. An attorney authorized to practice law in the state of Ohio is given a supreme court registration number; an insurance company authorized to engage in the business of insurance is granted a license, a certified copy of which may be used as evidence of authorization.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, I find that reasonable minds could not find that the essential elements of the crime of insurance fraud were proven beyond a reasonable doubt. Therefore, I would reverse appellant's conviction for insurance fraud.